**THE NAUTILUS GROUP, INC. (formerly known as Direct Focus, Inc.), Plaintiff–Appellant,**

v.

**ICON HEALTH AND FITNESS, INC., Defendant–Appellee.**

No. 03–1418.

United States Court of Appeals, Federal Circuit.

Decided Nov. 18, 2003.

Rehearing and Rehearing En Banc Denied Jan. 8, 2004.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The United States District Court for the Western District of Washington granted summary judgment that ICON Health & Fitness, Inc. (ICON) does not literally infringe The Nautilus Group, Inc.'s (Nautilus's) U.S. Patent No. 4,725,057 ('057 patent) and denied Nautilus's motion for a preliminary injunction and for summary judgment of literal infringement. *See The Nautilus Group, Inc. v. ICON Health & Fitness, Inc.,* No. C02–2420P (W.D.Wash. May 16, 2003). Because the district court erred in construing the claims of the '057 patent, this court *remands.*

I.

Nautilus owns the '057 patent. The BowFlex® exercise machine is a commercial embodiment of the invention. The BowFlex® machine contains rods that bend to create resistance during physical exercise. The Bowflex® mounts these rods vertically, with one end fixed to a base, and the other end attached to a cable.

ICON makes a competing device called the CrossBow®. The CrossBow® mounts the rods horizontally with two free ends. The horizontal rod attach in their center to a "lat tower." Figure 14 of the '057 patent

illustrates the BowFlex® machine, shown below alongside the accused CrossBow® device:

**Nautilus BowFlex®**

**ICON CrossBow®**

In December 2002, Nautilus sued ICON for infringement. Nautilus moved for a preliminary injunction to prohibit ICON from making, using or selling the Cross-Bow®. In turn, ICON moved for summary judgment of non-infringement. Finally, Nautilus moved for partial summary judgment of literal infringement.

Claim 12 is the only claim at issue in this appeal. Claim 12 states (emphasis added):

12. In an exercising machine:

a base,

a plurality for [sic] resilient rods mounted on the base *in cantilevered fashion with one end of each of the rods being free,*

a flexible cable adapted to be pulled upon by a person using the machine, and

means for connecting the cable selectively to one or more of the rods so that the rods to which the cable is connected bend in bow-like fashion and thereby produce a force which opposes the pull on the cable, the magnitude of the force depending at least in part upon the number of rods to which the cable is connected.

The district court construed "cantilevered fashion" to mean mounted on a base with one fixed end and one free end, thereby excluding rods attached at their centers with two free ends. Based on that construction, the district court found that the CrossBow® did not satisfy the "cantilevered fashion" limitation of claim 12. On May 16, 2003, the district court granted summary judgment of literal non-infringement and denied Nautilus's motion for a preliminary injunction. Nautilus appealed to this court.

II.

This court reviews a grant of summary judgment without deference. *See Golan v. Pingel Enter., Inc.,* 310 F.3d 1360, 1367 (Fed.Cir.2002). Claim construction is a question of law that this court also reviews without deference. *See Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1456 (Fed.Cir.1998) (en banc).

The district court construed "cantilever" to mean: "A beam or member securely fixed at one end and hanging free at the other end" and stated that "cantilevered fashion" means that "one end of the resil-

ient rod is fixed and the other is free." The district court relied heavily on dictionary definitions in reaching its claim construction. The record contains the dictionary definitions shown below, although the district court considered only the first three:

A beam or member securely fixed at one end and hanging free at the other end. *McGraw–Hill Dictionary of Scientific & Technical Terms* 244 (3d ed.1984).

1. A projecting beam or other structure supported only at one end.

2. A beam or other member projecting beyond a fulcrum and supported by a balancing member or a downward force behind the fulcrum.

*Am. Heritage Dictionary* (Second College Ed.1986).

A projecting beam or other structure supported only at one end. *Webster's Ninth New Collegiate Dictionary* (1986).

(Civ.Eng.). A beam or girder fixed at one end and free at the other. *The Wordsworth Dictionary of Sci. & Tech.* (1995).

A cantilever beam is fixed (no rotation) at one end. *Marks' Standard Handbook for Mech. Eng'rs* (9th ed.).

A beam supported at one end and supporting a load along its length or at its free end.... Familiar examples are the symmetrical paired cantilevers of a see-saw or teeterboard, the beam in a chemical balance, and the unsymmetrical cantilever in the overhang of a roof. *McGraw–Hill Encyclopedia of Sci. & Tech.* (7th ed.1992).

These definitions of "cantilever" include a beam fixed at one end and also a beam with two free ends in double (or "paired") cantilevers. The district court gave priority to the McGraw–Hill Dictionary of Scientific & Technical Terms. The district court also considered the language of claim 15: "The exercising machine of claim 12 including a guide member for the cable mounted on the base near the fixed ends of the rods." The district court concluded that claim 15 supports an interpretation of claim 12 that requires rods with fixed ends. The district court did not rely on the record expert testimony.

■ At the outset, the district court erred by failing to recognize that the term at issue is not simply "cantilevered" but "in cantilevered fashion." The latter phrase does not mean a literal cantilever, but only a structure that is similar to or in accordance with the principles of a cantilever. Thus the claim language does not require a literal cantilever. Even a literal cantilever, however, need not have only one fixed end.

In requiring the "fixed end" limitation, the district court erred by improperly importing that limitation from the specification and a few selected dictionaries. A cantilever with one fixed end is not the only possible cantilevered structure. The secondary definition in the American Heritage Dictionary is a "beam or other member projecting beyond a fulcrum and supported by a balancing member or a downward force." Drawings of a cantilevered bridge and a hammerhead crane, each showing a cantilever having two free ends, accompany that definition.

If "multiple, potentially consistent, dictionary definitions exist for the claim terms in question," a court must consider "the rest of the intrinsic record for further context and guidance." *Brookhill–Wilk 1, LLC. v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1300 (Fed.Cir.2003). "When a term has multiple dictionary definitions, we must consult the intrinsic record 'to identify which of the different possible dictionary meanings of the claim terms in issue is the most consistent with the use of the words by the inventor.'" *Tehrani v.*

*Hamilton Medical, Inc.*, 331 F.3d 1355, 1361 (Fed.Cir.2003) (quoting *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1203 (Fed.Cir.2002)). A trial court must construe claims "consistent[ly] with the scientific and technical context in which it is used in the patent." *AFG Indus., Inc. v. Cardinal IG Co.*, 239 F.3d 1239, 1248 (Fed.Cir.2001).

The district court's construction is incorrect, based on the full context of the claim language. Taken in context, "in cantilevered fashion" includes the "double cantilever" definition, i.e., "a structure in which a beam projects on both sides beyond its support."

Claim 12 also has the limitation *"one* end of each of the rods being free" (emphasis added). This language may also encompass a rod with two free ends. A rod with two free ends literally includes "one end . . . free." Thus, this limitation requires only at least one free end.

■ The language of claim 15 does not suggest that claim 12 must include a fixed end limitation. Claim 15 states: "The exercising machine of claim 12 including a guide member for the cable mounted on the base near *the fixed ends* of the rods." In the first place, claim 15 does not explicitly add a limitation to claim 12 that one end of the rods is fixed. More important, claim 15 is a dependent claim with a narrower scope than claim 12 in any event. The trial court noted that the specification of the '057 patent only contains embodiments with rods having one free end and one fixed end. The specification performs a different role from the claims. The specification, among other roles, describes an enabled embodiment of the invention. The claims, on the other hand, recite the outer boundaries of the scope encompassed by the invention. By definition, therefore, the claims may encompass more than the embodiment or embodiments described in the specification. The claims, after all, recite boundaries, not the only characteristics and features of the invention. Thus, a construing court may not limit the claims to the disclosed embodiments without a clear disclaimer in the intrinsic record that limits the invention to these embodiments and nothing more.

The term cantilever appears only once in any form outside the claims: "These holes receive respective cantilevered resilient rods or arms 44, the free ends of which extend upward from retainer 36 and base 10." '057 patent, col. 3, II. 43–45. That descriptive statement in the specification does not preclude a cantilevered structure with two free ends.

Claim differentiation also weakens any suggestion that claim 12 must include the "fixed end" limitation. While claim 12 contains no express "fixed end" limitation, "fixed end" limitations appear in independent claims 1, 19, and 25. Claims 1, 19, and 25 describe an end of the rod as "secured in a fixed position" or "rigidly affixed" and the other end as "free." If "cantilevered" meant one fixed end and one free end, the recitations of fixed and free ends in claims 1, 19, and 25 would be surplusage. The district court's construction improperly renders claim terms superfluous and reads limitations of claim 15 and of the preferred embodiment into the claim. Although it is true that "no canon of claim construction is absolute in its application," *Renishaw PLC, v. Marposs Societa' Per Azioni*, 158 F.3d 1243, 1248 (Fed.Cir.1998), and that surplusage may exist in some claims, *see Pickholtz v. Rainbow Tech., Inc.*, 284 F.3d 1365, 1373 (Fed. Cir.2002), these principles show error in the district court's construction.

This court therefore construes the limitation "in cantilevered fashion with one end of each of the rods being free" to

mean that the rods are mounted with one or both ends free such that the rods have the structure of a single or double cantilever. In the circumstances, we think that the appropriate disposition of this case is to remand it to the district court for reconsideration in light of this opinion.